UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

ROBERT HERNANDEZ,

*Defendant.*

**NOTICE OF OMNIBUS MOTION**

23-CR-109

---

The defendant, ROBERT HERNANDEZ, by and through his attorney JUDITH M. KUBINIEC, and upon the annexed declaration of JUDITH M. KUBINIEC, Esq., hereby moves this Court for the following relief:

I.  Motion to Exclude Statements by Non-Testifying Co-Conspirators.

II.  Motion for Revelation of Identity of Informants.

III.  Motion for Discovery Pursuant to Rule 16 and Notice of Intention Pursuant to Rule 12.

IV.  Motion to Compel Production of *Brady* Material.

V.  Motion for Disclosure of Evidence Pursuant to Rules 404(b), 608 and 609 of the Federal Rules of Evidence.

VI.  Motion for Disclosure of Witness Statements.

VII.  Motion for Preservation of Rough Notes and Other Evidence.

VIII.  Motion to Voir Dire Government Experts Outside the Presence of the Jury.

IX.  Motion for Suppression Hearing.

X.  Motion for Audibility Hearing.

XI.  Motion for Conspiracy Hearing.

XII.  Motion for Leave to Make Further Motions and to Supplement These Motions.

DATED:  Buffalo, New York
February 2, 2025

Respectfully submitted,

*/s/Judith M. Kubiniec*
JUDITH M. KUBINIEC, ESQ.
402 Amherst Street
Buffalo, New York 14207
(716) 873-9161
judithkubiniec@gmail.com

Counsel for Defendant
Robert Hernandez

TO: Caitlin Higgins, Esq.
   ASSISTANT UNITED STATES ATTORNEY
   138 Delaware Avenue
   Buffalo, New York 14202

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
VINCENT SMITH_____

UNITED STATES OF AMERICA

     v.

ROBERT HERNADEZ,

                *Defendant.*

**DECLARATION IN SUPPORT OF
NOTICE OF OMNIBUS MOTION**

23-CR-109

JUDITH M. KUBINIEC, ESQ., hereby declares as follows:

1.     I am an attorney duly licensed to practice in the State of New York and before this Court and  I represent the defendant  Robert Hernandez herein.

2.     This Indictment contains two counts against Hernandez and co-defendant Reinaldo Sanchez Gonzalez  - an alleged fentanyl and heroin drug conspiracy in violation of Title 21 USC Sections  841(a)(1),  841(b)(1)(A)  and  841(b)(1)(B)  and  possession of fentanyl  and  heroin  in violation of Title 21 USC Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(B) and Title 18 USC Section 2.

3.     Mr. Hernandez has pled not guilty and has been in pre-trial detention since his arrest in this matter on or about April 28, 2023.

**I**

**MOTION TO EXCLUDE STATEMENTS BY
NON-TESTIFYING CO-CONSPIRATORS**

4.     Pursuant to *Bruton v. United States*, 391 U.S. 123 (1968), and the Sixth Amendment to the United States Constitution, Mr. Hernandez respectfully requests that the Court bar the

2

admission into evidence of all post-arrest statements by non-testifying co-conspirators/co-defendants which may implicate him in any way.

5. In *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court held that a defendant's Sixth Amendment right of cross-examination was violated when a non-testifying co-defendant's confession, implicating the defendant, was introduced at their joint criminal trial. *Bruton*'s protection of defendants' Sixth Amendment confrontation and cross-examination rights remains a linchpin of joint criminal trials.

6. Although in *Richardson v. Marsh*, 481 U.S. 200 (1987), the Supreme Court approved the use of non-testifying co-defendant confessions where all reference to the defendant's existence are eliminated and a limiting instruction is used, the continued vitality of *Bruton* and broad protections of the Sixth Amendment were demonstrated by the Supreme Court's recent decision in *Gray v. Maryland*, 523 U.S. 185 (1998). There, the Court applied *Bruton* to a case where reference to the defendant's existence was eliminated in the confession, but deletions in the confession were marked with a blank or "deleted." The Court found that the defendant's Sixth Amendment rights were violated. *Cf. Lilley v. Virginia*, 527 U.S. 116 (1999) (admission of non-testifying accomplice's confession violated Confrontation Clause).

7. Because he has not received discovery of any post-arrest statements by co-conspirators or co-defendants, Mr. Hernandez cannot know whether the government will seek to use such evidence against him, or even if such statements exist. Therefore, we make this motion to exclude any such statements, and request leave to amend and supplement it, and to file an additional memorandum of law or memorandum in support, after he has received full discovery and can apply the applicable authorities to the facts presented. Additionally, Mr. Hernandez

3

hereby requests that the Court order the government to turn over to the defense copies of all statements attributable to any other defendant which was made during the course of or in furtherance of any conspiracy or charges, as well as all post-arrest statements by any co-conspirators/co-defendants, whether testifying or not, which may implicate Mr. Hernandez in any way.

8.      As well, your deponent reserves his right to move to sever the charges, counts, or defendants.

## II

## MOTION FOR REVELATION OF IDENTITY OF INFORMANTS

9.      Mr. Hernandez hereby moves this Court, pursuant to the provisions of Rule 16 of the Federal Rules of Criminal Procedure and the Fifth Amendment to the United States Constitution, for an Order requiring the government to disclose the following information:

(a)      The identity of any and all informants possessing information which may be material to defendant's alleged guilt or innocence;

(b)      The identity of any and all informants who were present at any of the events which are described in the instant indictment;

(c)      Any and all government reports containing information received from any informant referenced above which may be material to the instant case.

10.      This motion is made on the grounds that the informants are relevant witnesses to the allegations contained in the instant indictment, and may also possess exculpatory and exonerating information.  With respect to item (c), Mr. Hernandez requests these reports on the ground that, to the extent he has been unable to review reports containing factual information relayed by an informant, he has been unable to lay proper factual foundation for the disclosure of any informant.  At a

minimum, defendant seeks to have all reports described above submitted in camera to the Court for review and subsequent disclosure to counsel. In the event that the Court does not compel disclosure of this information and the identities of the informants, defendant respectfully requests that all government reports be sealed and made part of the record in the instant case.

**A.      The Government is Obliged to Disclose
the Identity and Whereabouts of Informants
and to Make Them Available to the Defense.**

11.     In *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623 (1957), the United States Supreme Court held that whenever an informant's testimony may be relevant and helpful to the accused's defense, his or her identity must be revealed. The *Roviaro* Court set forth the following general standard for disclosure:

> Where the disclosure of an informant's identity or the contents of his communications is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the privilege must be waived. In these situations, the trial court may require disclosure and, if the government withholds the information, dismiss the action.

*Roviaro v. United States, supra*, 353 U.S. at 60-61.

12.     The Court made clear that, while there is no fixed rule with respect to disclosure, four considerations are relevant:  (1) the crime charged; (2) the possible defenses; (3) the possible significance of the informant's testimony; and (4) other relevant factors.

13.     The "relevant and helpful" language of *Roviaro* has been interpreted by the Second Circuit "to require disclosure when it is material to the defense."  *DiBlasio v. Keane*, 932 F.2d 1038, 1041-1042 (2d Cir. 1991). The *DiBlasio* Court recognized that:

> The judge must consider a number of factors in determining whether the informant's testimony is material: "the crime charged, the possible defenses,

> the possible significance of the informant's testimony and other relevant factors."

*Citing*, *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089, 109 S.Ct. 1555 (1989), *quoting*, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623 (1957).

14.     Similarly, the Ninth Circuit requires disclosure of the identity of an informant when he or she is a percipient witness.  Thus, in *United States v. Cervantes*, the Court recognized that a "percipient witness" must be disclosed:

> The government acknowledges that the informant Duque was a percipient witness to the transaction.  It therefore supplied Cervantes with the informant's identity.  *See, Roviaro v. United States*.

15.     *United States v. Cervantes*, 542 F.2d 773, 775 (9th Cir. 1976) (en banc).  The same result was reached in *United States v. Hernandez*:

> In light of [the informant'[s] role in the narcotics transaction with which appellants were charged, it cannot be said that disclosure of 's identity would not have been "relevant or helpful" to the appellant's defense . . .  Because [the informant] was a participant in the events that were critical to the prosecution's case, no claim could be raised under *Roviaro*, nor was it raised, that [the informant's] identity could be lawfully withheld from the appellants.  [Citations omitted].

*United States v. Hernandez*, 608 F.2d 741, 744-745 (9th Cir. 1979); *see also*, *United States v. Miramon*, 443 F.2d 361, 362 (9th Cir. 1971).

16.     The law is also clear that where an informant's testimony is essential to a fair determination, the government may be required to disclose his identity and address, if any.  *United States v. Roberts*, 388 F.2d 646 (2d Cir. 1968).  *See also, United States v. Anderson*, 509 F.2d 724 (9th Cir. 1975) (within the court's discretion to compel disclosure even when use of the informant goes only to probable cause).  Further, the need for disclosure and production of the informant is mandated when the indictment contains a conspiracy charge and the informant could have

information regarding either knowing membership in the conspiracy or possible entrapment. *United States v. Mormon, supra; Lopez-Hernandez v. United States*, 394 F.2d 820 (9th Cir. 1968); *Alexander v. United States*, 362 F.2d 379 (9th Cir. 1966).

17.     Obviously, it is not Mr. Hernandez's burden to prove what the informant would actually say if disclosed since the informant's unavailability makes that burden impossible to discharge in all cases. *See, e.g., United States v. Mormon, supra*, where disclosure should have been made because the informant "might have corroborated the (defendant's story)." *Id.* at 362. As stated by the Court in *United States v. Day, supra*: "No matter how inert his role of participation he might still possess information relevant to a fair determination of the issues".

18.     As to all informants, the defense is entitled to a revelation of their whereabouts and addresses prior to trial so that sufficient investigation into their background can be made. As stated by the Court in *United States v. Hernandez, supra*:

> We recognize that the address of a principal witness, as [the informant] most assuredly was, is an integral element of identity for without such information, little meaningful inquiry can be made into the background information affecting credibility.

*United States v. Hernandez*, 608 F.2d 741, at 745 (9th Cir. 1979).

19.     In this case, therefore, the location and present whereabouts of any and all informant[s] and witnesses must be immediately disclosed so that an investigation may be made into the credibility and background of the informant[s]/witnesses prior to trial. Further, any purported government assertion that there is some unspecified danger to informant[s] is insufficient to justify withholding the information concerning his or her whereabouts. As *Hernandez* makes clear, the decision concerning potential "danger" must be made only after an evidentiary hearing. *Hernandez, supra*, 608 F.2d at 745, fn.3.

7

20.    Finally, the government's obligation is not fully satisfied by merely disclosing the identity and location of the informant[s]. The defense here specifically requests that the informant[s] be produced. The Ninth Circuit has held that government has an obligation to "accomplish this or show that, despite reasonable efforts, it was not able to do so". *United States v. Hart*, 546 F.2d 798, 799 (9th Cir. 1976) (en banc). *See also, United States v. Cervantes, supra; Velarde-Villa Real v. United States*, 354 F.2d 9 (9th Cir. 1965).

21.    For the reasons cited above, it is apparent that each of the informant[s] in this case is a material witness. The government should be ordered to disclose the identity of that witness and his or her whereabouts, and to make those witnesses available to the defense. Failure to do so would require dismissal of the case.

### B.    Upon a Proper Showing, the Defendant is Entitled to Pre-Trial Access to Prosecution Witnesses.

22.    Mr. Hernandez on recognizes that the general rule is that in a non-capital case, the accused has no constitutional right to require production of the names and addresses of prospective witnesses. *See, e.g., United States v. Cole*, 449 F.2d 194, 198 (8th Cir. 1971), *cert. denied*, 405 U.S. 931, 92 S.Ct. 991 (1972). However, it should be noted that this rule is suffering from increasing erosion. For example, in *United States v. Baum*, 482 F.2d 1325 (2d Cir. 1973), the Second Circuit held that it was reversible error to deny pre-trial disclosure of the identity of a witness to the defendant's similar criminal conduct. *See also, United States v. Allstate Mortgage Corp.*, 507 F.2d 492 (7th Cir. 1974) (rule of *Baum* adopted and approved). Moreover, an order requiring pretrial disclosure of government witnesses is a proper exercise of judicial authority. *See, United States v. Richter*, 488 F.2d 170, 173-174 (9th Cir. 1973) (affirming the authority of the

8

trial court to order pre-trial discovery of prospective government witnesses); *United States v. Jackson,* 508 F.2d 1001, 1006-1007 (7th Cir. 1975) (a trial court can enter and order <u>sua</u> <u>sponte</u> and without a showing of materiality requiring pre-trial disclosure of prospective government witnesses.

23.      The United States Supreme Court first addressed the disclosure of government witnesses in *Alford v. United States*:

> Cross-examination of a witness is a matter of right.  Its permissible purposes, among others, are that the witness may be identified with his community so that independent testimony may be sought and offered of his reputation for veracity in his own neighborhood; that the jury may interpret his testimony in the light reflected upon it by knowledge of his environment; and that facts may be brought tending to discredit the witness by showing that his testimony in chief as untrue or biased . . . .  Prejudice ensues from a denial of the opportunity to place the witness in his proper setting and put the weight of his testimony and his credibility to a test, without which the jury cannot fairly appraise them.  [Citations omitted]. *Alford v. United States*, 282 U.S. 687, 688, 51 S.Ct. 218, 219 (1931).

24.      Subsequently, in *Smith v. Illinois*, 390 U.S. 129, 88 S.Ct. 748 (1967), the Supreme Court reconsidered the rule of *Alford v. United States* and held that the failure to disclose the address of a primary prosecution witness was a denial of the defendant's Sixth Amendment right to confront and cross-examine witnesses.  The Court stated:

> The witness' name and address open countless avenues of in-court examination and out-of-court investigation.  To forbid this most rudimentary inquiry at the threshold is effectively to emasculate the right of cross-examination itself.  <u>Id</u>. at 750.

25.      Therefore, it is the defendant's position that an accused has the right to know the identity and location of prospective government witnesses so that he may interview them prior to trial in order to put such witnesses in proper setting for purposes of credibility and cross-examination.

26.    Based, then, on the reasons cited above, it is respectfully requested that the identity and location of the prospective government witnesses be disclosed and that they be produced by the government prior to trial.

27.    Disclosure of informant information in this prosecution is essential to a fair determination of the charges filed against the defendant.

28.    In addition, the defense demands the following information about all informants:

a.    All evidence affecting the issues of bias or credibility;

b.    Their criminal records, *United States v. Auten*, 632 F.2d 478 (5th Cir. 1980);

c.    All promises or consideration of any kind given to the informants, *Giglio v. United States*, 405 U.S. 150 (1972);

d.    Identification of the informants'/witnesses prior testimony, *Johnson v. Brewer*, 521 F.2d 556 (8th Cir. 1975);

e.    Evidence of psychiatric treatment of each informant/witness or cooperating witness or person, *United States v. Lindstrom*, 698 F.2d 1154 (11th Cir. 1983);

f.    Evidence of the informants' narcotic habits, *United States v. Fowler*, 465 F.2d 664 (D.C. Cir. 1972);

g.    Whether the informants are being compensated, including favorable plea agreements, in return for their cooperation with the government. *United States v. Morell*, 524 F.2d 550 (2d Cir. 1975); and,

h.    A review of the informant file kept by the authorities for each informant/witness.

29.    The inherent unreliability of the testimony of an accomplice or government informant underscores the need for complete disclosure of information relating to credibility. *See United States v. Bagley*, 473 U.S. 667 (1985); *Perkins v. LeFevre*, 642 F.2d 37 (2d Cir. 1981); *United States v. Caldwell*, 466 F.2d 611 (9th Cir. 1972). Put another way, "[t]he use of informants to investigate and prosecute persons is fraught with peril." *United States v. Bernal-Obeso*, 989

10

F.2d 331 (9th Cir. 1993).  For these reasons, the identities and information requested above should

be disclosed by the government to Mr. Hernandez.

### III

### MOTION FOR DISCOVERY PURSUANT TO
### RULE 16 AND NOTICE OF INTENTION
### PURSUANT TO RULE 12

30.    Even though the government has provided much in voluntary discovery, pursuant

to Federal Rule of Criminal Procedure 16(a)(1)(A)(B)(C) & (D), the defendant now moves to

compel discovery of any items or information to which the defendant is entitled. *Specifically*, this

request includes, but is not limited to, the following:

a.    copies of any and all records, including reports and/or logs, relating to the instant case which are in any way relevant to the government's case;

b.    copies of all records, including reports and/or logs, regarding radio transmissions from the officers at any search warrant or arrest warrant regarding the investigation;

c.    copies of any reports and/or test results relating to determination of any issue in this case;

e.    copies of any and all photographs taken relating to this investigation;

f.    copies of any and all documents and photographs seized on the day of any searches in this case.  If seized, state what documents were seized and specifically where they were seized from.  (That is what room, what box, what file cabinet etc.);

g.    inspection of all items seized from the defendant on the day of his arrest;

h.    disclosure of the names and identities of expert witnesses the government intends to call at trial, their qualifications, subject of testimony, and reports, and the results of tests, examinations or experiments which are material to the preparation of the defense or which are intended for use by the government as evidence-in-chief at the trial;

11

i.     a copy of any search warrant or arrest warrant applied for and/or issued or denied during the course of this investigation (whether state, federal or local) or any seizure warrant including applications or affidavits in support; and

j.     pursuant to Rule 12(d) of the Federal Rules of Criminal Procedure, the defendant requests written notification of any evidence that the government intends to use in its case-in-chief that may, in any way, be subject to a motion to suppress and which the defendant is entitled to discover pursuant to Rule 16.

31.    Pursuant to Rule 16, Mr. Hernandez requests that the government provide him with discovery as provided by that Rule, to the extent that they have not already done so.

32.    Rule 12(b) establishes a procedure for notifying a defendant of the government's intention to use certain evidence at trial. The express purpose of this procedure is to afford an opportunity for submission of pre-trial motions seeking the suppression of such evidence [Rule 12(b)(1) and (2)]. Specifically, Rule 12(b)(4)(B) provides that at the defendant's request, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), he may request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

33.    Therefore, pursuant to Rule 12(b), request is hereby made for the immediate disclosure by the government of a notice setting forth any evidence which the defendant may be entitled to discover under Rule 16 which the government intends to utilize at trial, including, but not limited to:

## Statements of Defendant

34.    Mr. Hernandez hereby requests notification of any relevant written or recorded statements made by the defendants, or copies thereof, within the possession, custody, or control of

the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; that portion of any written record containing the substance of any relevant oral statement made by the defendants whether before or after arrest in response to interrogation by any person then known to the defendants to be a government agent; and recorded testimony of the defendant before a grand jury which relates to the offense charged. The government must also disclose to the defendant the substance of any other relevant oral statement made by the defendants whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial.

A)     All oral written or recorded statements or testimony in the government's possession made by the defendant, and all reports related to the circumstances of such statements.

B)     A copy or inspection of any books, papers, documents or photographs or tangible objects obtained from or belonging to the defendant or which will be used by government's case-in-chief or are otherwise material to the preparation of the defendant's defense, and any and all reports related to the circumstance under which books, papers, documents, etc., came into the possession of the government.

C)     Any photograph or drawing related to the actual proceeding herein made or completed by a public servant engaged in law enforcement activities or which was made by a person whom the prosecution intends to call as a witness at trial or which the prosecution intends to produce at trial including but not limited to motion pictures, video tapes, drawings, sketches, diagrams, charts or other graphic representations of scenes or places or tangible objects relative to this case.

D)     A copy of all search and/or arrest warrants issued by any court in connection with this case; included in this request is a specific request for:

1)     The application for search and/or arrest warrant and any supporting document or material referred to therein; and

2)     Any and all reports completed by any member of any law enforcement agency before, during and after the search warrant was executed.

3)    The date and time that any search warrant was executed against the person or property or any other person in connection with this case.

4)    An inventory of all materials seized from any person or property, including residences and automobiles of the defendant or any other person in connection with this case pursuant to search warrant or otherwise and state with particularity the exact description of the documents and where they were seized from; and

5)    Any other property obtained from the defendant or any other person in connection with this case, and the circumstances under which it was obtained;

6)    Any tapes or electronic recordings which the prosecution intends to introduce at trial, irrespective of whether such recording was made during the course of the alleged criminal transaction; and

7)    The date, time and place of every occasion which any surveillance, mail cover search and/or seizure, whether electronic, photographic, mechanical, visual, oral, or of any other type, was made of defendant, together with all documents, photographs, recordings or other materials resulting from or relating to such occasions, included in this request is a specific request for all tapes made pursuant to any eavesdropping, including any wiretapping, warrant or extension of renewal thereof.

8)    Any video tapes, audio tapes or other electronic recordings of defendant.

9)    If photographs, sound recordings or video recordings were taken of defendant or agent, servant or employee of defendant, provide the following:

   a)    The name of the person that took the photographs or records;

   b)    The time the photographs or recordings were taken;

   c)    The location in which they were taken;

   d)    The circumstance under which they were taken;

14

e)      The technical experience of the persons who took the photographs or recordings;

f)      Whether defendant was read *Miranda* rights or any other rights prior to the taking of the photographs or recordings, and

g)      Whether defendant was given any opportunity to refuse to have any photographs taken or to be subject to sound or video recordings.

E)      Disclosure of the names and identity of expert witnesses the government intends to call at trial, their qualifications, subject of testimony, and reports; and any reports of tests, examinations (included but not limited to any mental examination) or experiments which are material to the preparation of defendant's defense or which are intended for use by the government at trial.

F)      A written summary of expert testimony the government intends to use during its case in chief pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.

G)      Disclosure of any and all prior similar acts, if any, or convictions of a similar nature to the charges in this case, if any, which the government will seek to rely upon or introduce as evidence at the hearing or trial in this case for any purpose including proof of knowledge or intent on the part of the defendant in this case in the investigative reports and witnesses concerning such acts.

H)      Any and all specific instances of other crimes, wrongs or acts which the prosecution plans to use at trial for any reason pursuant to Federal Rules of Evidence 404(b).

## **Defendant's Prior Record**

35.      Mr. Hernandez hereby requests a copy of his prior criminal record, if any, as is within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

## **Documents and Tangible Objects**

36.     Mr. Hernandez requests the following: (1) any tangible items within the government's possession, custody and/or control which the prosecutor intends to use as evidence in chief; (b) any tangible items within the government's possession, custody and/or control which was obtained from the defendant or which belong to the defendant; (c) any tangible items within the government's possession, custody and/or control which is material to the preparation of the defendant's defense; and (d) any and all recordings of any conversations which pertain to any of the facts alleged in the instant Indictment.

## **Search and Seizure**

37.     In order to preserve his rights, to the extent not yet provided, Mr. Hernandez hereby seeks notification of whether any evidence to be offered at trial consists of or was derived from the "fruits" of any search and/or seizure authorized by virtue of a judicial and/or administrative search warrant.

38.     In the event that any such evidence consists of or was derived from the "fruits" of any judicial and/or administrative search warrant as referred to above, request is made for:

(a)     a copy of each such search warrant;

(b)     a copy of each written search warrant application together with any supporting affidavit(s);

(c)     a copy of each voice recording, stenographic transcript and/or longhand record with respect to any oral search warrant application;

(d)     a copy of any search warrant inventory return;

16

(e)    the exact time and date when the United States government entered into the investigation of the defendant or any co-defendant relative to the instant matter; and

(f)    whether the United States Government, including any police officials or United States prosecutors, had any involvement in the instant case, including communication or correspondence with Canadian officials at the time any search warrants were issued.

39.    In the event that any evidence was acquired in the fashion(s) referred to above, request is made for any item consisting of, derived from and/or purporting to memorialize the "fruit" of any search and/or seizure.

## Identification

40.    Mr. Hernandez requests notification of whether any evidence to be offered at trial relates to or is derived from an identification of defendant Hernandez's person, voice, handwriting, his picture and/or a composite sketch purporting to embody his facial features.

41.    In the event that any such evidence will be offered at trial, a statement is requested setting forth the following:

(a)    the exact date, time and place where the identification proceeding occurred; and

(b)    the substances of the identification proceeding to include the names of all persons present thereat.

42.    If any such evidence to be offered at trial relates to non-corporeal identification proceedings, request is made for access to any and all pictures, sketches, voice exemplars, and/or handwriting specimens utilized during the course of any such identification proceeding.

17

## **Reports of Examinations and Tests**

43.    Mr. Hernandez respectfully requests disclosure of any and all results of any physical, mental and/or scientific examinations, tests and/or experiments within the prosecution's possession, custody and/or control which are either intended by the prosecution to be used as evidence in chief or which are material to the defense preparation and have not been previously provided.

## ***Jencks* Material**

44.    Mr. Hernandez respectfully requests disclosure of *Jencks* material (18 U.S.C. 3500) at least 30 days in advance of trial so as to permit its meaningful use by the defense.

45.    It is respectfully requested that the defense motion for discovery and inspection pursuant to Rule 16, and notice of intention be granted.

## IV

## MOTION TO COMPEL PRODUCTION OF *BRADY* MATERIAL

46.    Pursuant to the prosecution's obligations under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392 (1976), *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375 (1985) and *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555 (1995), Mr. Hernandez hereby moves the Court for the immediate disclosure of all exculpatory and/or impeaching material in the prosecution's possession, custody or control or which is otherwise known to the prosecution, including, but not limited to, the following:

(a)    Any and all information and/or material which tends to exonerate Mr. Hernandez or which tends to show that he did not knowingly commit any offenses alleged in the indictment.

(b)    Any and all evidence which tends to impeach the credibility of any prospective government witness (including co-defendants), including, but not limited to:

(1)    Any and all records or information revealing prior criminal convictions or guilty verdicts or juvenile adjudications, including but not limited to, relevant "rap sheets" of each witness the prosecutor intends to call at trial;

(2)    Any and all records and information revealing prior or subsequent misconduct, unethical conduct, criminal acts or bad acts of any witness, including co-defendants, the prosecutor intends to call at trial;

(3)    Any and all allegations of prior or subsequent misconduct, unethical conduct, criminal acts or bad acts of any witness, including co-defendants, the prosecutor intends to call at trial of which the prosecutor knows or through the exercise of reasonable diligence should have reason to know;

(4)    Any and all consideration or promises of consideration given during the course of the investigation and preparation of this matter by any law enforcement officials, including prosecutors or agents, police or informers, to or on behalf of any witness, including co-defendants, or on behalf of a relative of any such witness or co-defendant, the government intends to call at trial, or any such consideration or promises expected or hoped for by any such witness, or relative of any witness, at any future time. Such "consideration" refers to anything which arguably could be of value or use to a witness, or relative of the witness, including but not limited to: formal or informal, direct or indirect, leniency; favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, administrative, regulatory, disciplinary or other matter involving the state or federal government or agency thereof, any association, (including legal association), any other authority, or other parties; civil, criminal or tax immunity grants; relief from forfeiture; payments of money, rewards or fees, witness fees and special witness fees; provisions of food, clothing, transportation, legal services, alcohol or drug related rehabilitation services or other benefits; placement in a "witness protection" program; informer status of the witness; letters to anyone informing the recipient of the witness' or the relative's cooperation; recommendations concerning licensing, certification or registration; recommendations concerning federal aid or benefits; promises to take affirmative action to help the status of the witness or co-defendant, or

19

relative of the witness or co-defendant, in a profession, business or employment or promises not to jeopardize such status; aid or efforts in securing or maintaining the business or employment of a witness, or a relative of the witness; and anything else which arguably could reveal any interest, motive or bias of the witness in favor of the prosecution or against any defendant or which could act as an inducement to testify or to color his testimony;

(5)     With respect to each witness and/or co-defendant the government intends to call at trial, or any member of the immediate family of any such witness, copies of all indictments, complaints or informations brought against such person by the federal, or any state or local government, all administrative, disciplinary, regulatory, licensing, tax, customs, or immigration proceedings brought by the federal, or any state or local government, or by any regulatory body or association, and, state what counts or actions have been the subject of guilty pleas, convictions, consent decrees, dismissals, or understandings to dismiss at a future date; the date or dates on which pleas of guilty, if any, took place; and the names of the judges or hearing officers before whom such pleas were taken.    If the government does not have copies of all indictments, complaints, or proceedings, state the dates and places of arrests, hearings, indictments, and information, the charges brought, and the disposition of those charges or matters so far as it is known to the government;

(6)     With respect to each witness and/or co-defendant the government intends to call at trial, or any member of the immediate family of any such witness, a written summary of all charges or proceedings which could be brought by the federal, or any state or local government, but which have not or will not or which the witness believes have not or will not be brought because the witness is cooperating with or has cooperated with the government, or for any reason.  Include copies of all memoranda of understanding between the government and its witnesses, whether by way of a letter to the attorney for a witness or otherwise;

(7)     Any material not otherwise listed which reflects or evidences the motivation of any witness and/or co-defendant either to cooperate with the government or any bias or hostility against any defendant; the existence and identification of each occasion on which a witness has testified before any court, grand jury, administrative, regulatory, disciplinary body or other association, or otherwise officially narrated herewith, in the investigation, the indictment or the facts of this case,

20

and any testimony, statements or documents given by the witness regarding same;

(8)    Copies of all medical and psychiatric reports known to the prosecutor or which can reasonably be known to the prosecutor concerning any witness and/or co-defendant the prosecutor intends to call at trial which may arguably affect the witness' credibility or his ability to perceive, relate or recall events;

(9)    All documents and other evidence regarding drug or alcohol usage and/or dependency by any individual the government intends to call as a witness at trial, including but not limited to records relating to treatment of such individual in any federal, state, city or military drug or detoxification program;

(10)    Any written or oral statements, whether or not reduced to writing, made by any potential prosecution witness and/or co-defendant which in any way contradicts or is inconsistent with or different from other oral or written statements he has made;

(11)    Any requests prepared by the prosecution for permission to grant formal or informal immunity or leniency for any witness and/or co-defendant, whether or not such request was granted;

(12)    The same records and information requested in items "(1)" through "(11)" with respect to each non-witness declaring whose statements will be offered in evidence at trial pursuant to Fed. R. Evid. 806;

(13)    Copies of any and all records of law enforcement agencies reflecting intradepartmental disciplinary action taken against any law enforcement official or agent who will testify at trial;

(14)    Copies of any and all records of any law enforcement or other governmental agency reflecting any commendations, awards or recognition or any kind, or requests for any commendations, awards or recognition of any kind made to or by any government agent or law enforcement officer for any work, action or conduct in connection with the investigation and prosecution of this case.

(c)    The name and address and written or oral statements made by any person, including co-defendants, with knowledge and information concerning the events charged in the indictment and whose version of the same events is contrary to, or non-supportive of, the accusations set forth in the indictment.

21

(d) The name and address and any written or oral statement made by any persons and/or co-defendants the government reasonably believes has information helpful to the preparation of the defense.

(e) The name and address and any written or oral statement made by any witnesses or co-defendants to the offense charged in the indictment whom the government does not intend to call as witnesses in this case.

47. Due process, as the constitutional phrase has been interpreted, requires that the government not suppress evidence favorable to a defendant or discrediting to its own case, and, upon request, that it disclose to the defense all such information. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963); *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392 (1976); *Pyle v. State of Kansas*, 317 U.S. 213, 63 S.Ct. 177 (1942). The requirement of disclosure extends to candor by the government witnesses as well as matters which relate more directly to guilt or innocence. *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763 (1972); *Napue v. People of the State of Illinois*, 360 U.S. 264, 79 S.Ct. 1173 (1959). *See also, Pethrods v. Dutton*, 400 F.2d 797 (5th Cir. 1968), *cert. denied*, 393 U.S. 1105, 89 S.Ct. 908 (1969).

**A.** <u>**Time of Disclosure.**</u>

48. Effective preparation for trial is the cornerstone of effective representation of criminal defendants and disclosure of information which, in any of a variety of ways, impeaches the witness' credibility is consequently required <u>before</u> trial in order to enable effective preparation. As the Court in *United States v. Pollack* pointed out:

> Disclosure by the government must be made at such a time as to allow the defense to use the favorable material effectively in the preparation and presentation of its case, even if satisfaction of this criterion requires pre-trial disclosure. [Citations omitted].

*United States v. Pollack*, 534 F.2d 964, 973 (D.C. Cir. 1976).

49.    The need for pre-trial disclosure of *Brady* material has been highlighted in several cases.  In *United States v. Bernal-Obeso*, 989 F.2d 331 (9th Cir. 1993), irreconcilable discrepancies between the informer's actual record and government representations about the prior record indicated the informer had misled his government handlers.  The court vacated the conviction and remanded for an evidentiary hearing "to restore the parties" to their "pre-trial" position and to ascertain whether the informer had lied to the government.  989 F.2d at 336-337.  *See also, United States v. Bejasa*, 904 F.2d 137, 140 (2d Cir. 1990), *cert. denied*, 498 U.S. 921, 111 S.Ct. 299 (1990) (a government file which contained impeachment material regarding a prosecution witness should have been produced "prior to" the witness' testimony); *Gorham v. Wainwright*, 588 F.2d 178 (5th Cir. 1979) (under certain circumstances, delayed revelation of discoverable evidence may deny a defendant an effective defense); *United States v. Opager*, 589 F.2d 799 (5th Cir. 1979) (harm was done by the pre-trial failure of the government to disclose the whereabouts of the informant; crucial importance was given to pretrial opportunity to interview and/or investigate potential witness); *Grant v. Alldredge,* 498 F.2d 376, 381-382, n.5 (2d Cir. 1974) (failure of government to disclose before trial that bank teller picked out photograph of another individual was error); *United States v. Baxter, et al.,* 492 F.2d 150 (9th Cir. 1973), *cert. denied*, 416 U.S. 940, 94 S.Ct. 1945 (1974) (delay in turning over requested favorable evidence is unconstitutional when delay in disclosure substantially prejudiced the preparation of the defense); *Clay v. Black*, 479 F.2d 319 (6th Cir. 1973) (per curiam) (pre-trial disclosure of an FBI scientific report would have permitted defense to establish necessary claim of custody to introduce certain blood stains); *United States v. Polisi*, 416 F.2d 573 (2d Cir. 1969) (the importance of *Brady* is to measure the effects of the suppression upon the defendant's preparation for trial); and *Hamric v.*

*Bailey*, 386 F.2d 390 (4th Cir. 1967) (to be effective, disclosure must be made at a time when disclosure would be of value to the accused).

50.    The due process requirements of disclosure are reinforced by a federal court's supervisory powers.  In this federal prosecution, this Court can ensure that justice is administered properly in the federal courts by requiring immediate disclosure of the information sought, including impeachment materials.

51.    Counsel specifically reserves the right to make additional requests for the material covered above at the time this motion is argued, or at such other time as the existence of such materials shall become known to counsel for the defendant, and it is respectfully requested that the prosecution be admonished that its duty under *Brady/Giglio* is a continuing one.

## V

## MOTION FOR DISCLOSURE OF EVIDENCE PURSUANT TO RULES 404(b), 608 AND 609 OF THE FEDERAL RULES OF EVIDENCE

52.    Pursuant to Rules 12(b)(4), (d)(1) and (2) of the Federal Rules of Criminal Procedure, and Rules 104(a) and 404(b) of the Federal Rules of Evidence, Mr. Hernandez respectfully requests that the government notify him of any evidence that the government contends would be admissible under Rule 404(b) of the Federal Rules of Evidence.

53.    The defense also requests pretrial disclosure of any other evidence the government intends to use to impeach the defendant's credibility if he should choose to testify. In the event the government intends to use such evidence, the defendant requests a pretrial hearing to determine the admissibility of such evidence.

54.    The defense should be put on notice of the exact nature of this evidence, the

witnesses pertaining thereto, the documents in support thereof, and the theory upon which the government asserts that admissibility rests. By so notifying the defense in advance of trial, the defendant can file appropriate motion(s) *in limine* prior to trial and afford the Court the occasion to make pretrial determinations regarding the admissibility of any potential Rule 404(b) evidence proffered by the prosecution.

55.    The defense requests discovery of all information pertaining to the character and/or conduct that may be used to impeach any witness the government intends to call.

56.    The pretrial determination of the admissibility of this evidence question will serve to ensure the smooth operation of the trial, eliminate possible extraneous objections and assist both the government and defense counsel in the presentation of evidence.

# VI

## MOTION FOR DISCLOSURE OF WITNESS STATEMENTS

57.    Under 18 USC §3500 (the "Jencks Act"), a defendant is entitled to witness statements after the witness has completed his or her testimony on direct examination. This Court has, on a case-by-case basis, invoked its discretion to require production of Jencks Act statements in advance of the trial so that unnecessary delays will not take place during the course of the trial.

58.    Mr. Hernandez requests the Court to order the government to deliver to counsel immediately, but in no event not later than six weeks prior to the date of the trial, the following:

a.    any statement, however taken or recorded, or a transcription thereof, if any, made by the witness(es) to a grand jury;

b.    any written statement made by a witness that is signed or otherwise

c.    adopted or approved by the witness;

25

d.      any stenographic, mechanical, electrical or other recording transcription thereof, which is a substantially verbatim recital of an oral statement made by the witness and recorded contemporaneously with the making of such oral statement;

e.      any and all rough notes of witness interview(s) taken or obtained in any investigation of the defendant including federal, state, local and other investigations whether or not the contents thereof have been incorporated in official records;

f.      any notes and memoranda made by government counsel during the interviewing of any witness intended to be called by the government in its direct case. *Goldberg v. United States*, 425 U.S. 94, 101-108 (1976); and,

g.      all surveillance reports made or adopted by a witness. *United States v. Petito*, 671 F.2d 68, 73 (2d Cir. 1932).

59.      In addition to avoiding unnecessary delays, sufficient pretrial delivery of *Jencks* material also insures that the defendant's fundamental rights to a fair trial and due process are safeguarded.

## VII

## MOTION FOR PRESERVATION OF ROUGH NOTES AND OTHER EVIDENCE

60.      Mr. Hernandez moves for an order of this Court requiring all government agents and officers who participated in the investigation of the defendants in this case to retain and preserve all rough notes taken as part of their investigation whether or not the contents of the notes are incorporated in official records.

61.      This motion is made so the trial court can determine whether disclosure of the notes is required under *Brady*, *Agurs*, *Giglio* and/or the Jencks Act (18 USC §3500) or the Fifth and/or Sixth Amendments of the United States Constitution.

62.      Mr. Hernandez also requests an order of this Court requiring the government to preserve and protect from destruction, alteration, mutilation or dilution any and all evidence

acquired in their investigation of the defendants.

## VIII

### MOTION TO *VOIR DIRE* GOVERNMENT EXPERTS OUTSIDE THE PRESENCE OF THE JURY

63.    Mr. Hernandez moves the Court to issue an order allowing him to *voir dire* any proposed government experts at trial outside the presence of the jury.

64.    Rule 104 of the Federal Rules of Evidence states that preliminary questions regarding the competency of a person called as a witness "shall be determined by the Court."

65.    A defendant is entitled to challenge the competence of the government's proposed experts and the admissibility of his/her testimony. *See, In re Chicago Flood Litig.*, No. 93 C 1214, 1995 U.S. Dist. LEXIS 10305, at *27 (N.D. Ill. July 19, 1995) (when question raised regarding basis for proffered expert testimony, court permitted *voir dire* outside the jury's presence).

66.    A *voir dire* examination outside the presence of the jurors is the preferred method for determining the competency of an offered expert witness. *See, e.g., United States v. 68.94 Acres of Land*, 918 F.2d 389, 391 (3d Cir. 1990); *see also, e.g., United States v. Snow*, 552 F.2d 165, 168 (6th Cir. 1977) (defense counsel examined government expert outside of presence of jury regarding qualifications); *United States v. Henson*, 486 F.2d 1292, 1303 (D.C. Cir. 1973) (en banc) (voir dire of government expert outside the presence of the jury).

67.    In the present case, complete discovery has not been received from the government, including the names of and summaries by the government's proposed experts, if any, pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Therefore, this motion is made so that if the government subsequently identifies any experts (such as to identify questioned substances), defense counsel may *voir dire* the expert outside of the presence of the jury.

68.    Therefore, Mr. Hernandez requests that he be permitted to *voir dire* any government expert or experts outside the presence of the jury, as to both competency and admissibility.

## IX

## MOTION FOR SUPPRESSION HEARING(S)

69.    Mr. Hernandez has requested further discovery with respect to the three search warrants known to have been issued and executed in this matter.  To date, he has received only the warrants themselves.

70.    Without review of the additional documentation the defense is unable to assess whether the warrants were properly issued and executed, and if the alleged evidence obtained during the course of the searches was properly obtained or obtained in contravention of Mr. Hernandez's constitutional rights.

71.    Mr. Hernandez reserves his right to make further application for a suppression hearing(s) following the receipt of the search warrant affidavits and related information requested.

## X

## MOTION FOR AUDIBILITY HEARING

72.    Mr. Hernandez reserves his right to ask the Court to hold an audibility hearing to determine whether any recordings that the government seeks to introduce at his trial are audible. The government has not formally identified any specific recordings it will introduce at trial.  If it does so, an audibility hearing should be held.

73.    As the Court is aware, if portions of any recording are unintelligible, and the unintelligible portions are so substantial as to render the recording as a whole untrustworthy, the

recording must be suppressed.  *See United States v. Arango-Correa*, 851 F. 2d 54, 58 (2d Cir. 1988); United *States v. Aisenberg*, 120 F. Supp.2d 1345 (M.D. Fla. 2000).  Therefore, in advance of trial, the Court should conduct a hearing to determine the audibility of the recordings the government plans to introduce at trial.

## XI

## MOTION FOR CONSPIRACY HEARING

74.    Upon information and belief, the government may seek to introduce at trial statements of the alleged co-conspirator pursuant to FRE 801(d)(2)(E).  Pursuant to *Bourjaily v. United States*, 483 U.S. 171 (1987), defendant requests that the Court hold a pre-trial conspiracy hearing to assess the foundation for the introduction of any statements made by alleged co-conspirators which the government will seek to introduce against the defendant at trial.

## XII

## MOTION FOR LEAVE TO MAKE FURTHER MOTIONS AND TO SUPPLEMENT THESE MOTIONS

75.    Your declarant reserves his right to file any other motions which may be necessary under the circumstances of this case.


WHEREFORE, your declarant prays that this Court rule accordingly.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 3, 2025

/s/Judith M. Kubiniec_____
JUDITH M. KUBINIEC, ESQ.
29

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.                                                    23-CR-109

ROBERT HERNANDEZ,

*Defendant.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2025 I electronically filed the foregoing on behalf of the interested parties with the Clerk of the District Court using the CM/ECF system.

I hereby certify that a copy of the foregoing was also delivered to the following using the CM/ECF System.

Caitlin Higgins, Esq.
ASSISTANT UNITED STATES ATTORNEY
138 Delaware Avenue
Buffalo, New York 14202

DATED:          Buffalo, New York
                February 3, 2025

                          */s/Judith M. Kubiniec*
                          JUDITH M. KUBINIEC, ESQ.