UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

    v.

ROBERT HERNANDEZ,
               *Defendant.*
_____

NOTICE OF MOTION

23-CR-109

The defendant, ROBERT HERNANDEZ, by and through his attorney JUDITH M. KUBINIEC, ESQ., and upon the annexed declaration of JUDITH M. KUBINIEC, Esq., hereby moves this Court for the following relief:  Motion for Suppression of evidence recovered from the 2019 Honda Odyssey automobile and the telephone 718- 908-9154 or a Hearing(s) thereon and for other relief.

DATED:  Buffalo, New York
            April 25, 2025

                                      Respectfully submitted,

                                      */s/Judith M. Kubiniec.*
                                      JUDITH M. KUBINIEC, ESQ.
                                      402 Amherst Street
                                      Buffalo, New York 14207
                                      (716) 873-9161
                                      judithkubiniec@gmail.com

                                      Counsel for Defendant
                                      Robert Hernandez


TO:    Evan Glaberson, Esq.
         Caitlin Higgins, Esq.
         ASSISTANT UNITED STATES ATTORNEYS
         138 Delaware Avenue
         Buffalo, New York 14202

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | DECLARATION IN SUPPORT OF MOTION(S) FOR SUPPRESSION AND FOR OTHER RELIEF |
| v. | 23-CR-109 |
| ROBERT HERNANDEZ, | |
| *Defendant.* | |

JUDITH M. KUBINIEC, ESQ., hereby declares and affirms as follows:

1. I am an attorney duly licensed to practice in the State of New York and before this Court and I represent the defendant, Robert Hernandez. herein.

## BACKGROUND

2. On or about April 28, 2023, Robert Hernandez was operating a 2019 Honda Odyssey automobile, NY Reg KST 7167, VIN # 5FNRL6H94KB100322 registered to his wife Patricia I. Tavarez, headed westbound on the I-90 highway in the Town of Clarence, New York. At about 3:15 pm, he was stopped by Erie County Sheriff's deputies for allegedly operating the vehicle without headlights while using windshield wipers due to rain. A NYS Uniform Traffic Ticket was issued to Mr. Hernandez for violation of NYS Vehicle and Traffic Law Section 375 02A. The ticket and supporting documentation are attached hereto as Exhibit A.

3. After conversations with Mr. Hernandez and his passenger Reinaldo Sanchez Gonzalez, ECSO Deputy Szkatulski summoned Bo, a K-9 commonly used for drug detection to

2

conduct a sniff test of the exterior of the Honda Odyssey. Pursuant to the report of Deputy Szkatulski, Bo showed "alert behavior" on/under the rear bumper of the car and on the rear passenger side window. *See* Affidavit of Deputy Eric Szkatulski, attached hereto as Exhibit B.

4. Mr. Hernandez and Mr. Sanchez Gonzalez were detained. The car was impounded and subsequently searched pursuant to a search warrant. Drugs, alleged to be heroin and fentanyl, were recovered from a duffle bag in the back of the vehicle.

5. Hernandez and Sanchez Gonzalez were charged in a two-count indictment with a fentanyl and heroin drug conspiracy in violation of Title 21 USC Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B) and possession of fentanyl and heroin in violation of Title 21 USC Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(B) and Title 18 USC Section 2.

## THE SEARCH WARRANTS

6. The Fourth Amendment to the United States Constitution protects a person's right to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures. Pursuant to the Fourth Amendment, an official seeking a warrant must establish probable cause to the satisfaction of a judge and must make an "oath or affirmation" as to the truth of the matters supporting probable cause, and must particularly describe the place to be searched and the persons or things to be seized. U.S. Const. amend. IV.

7. The Supreme Court has defined "probable cause" as an officer's reasonable belief, based upon circumstances known to that officer, that a crime has occurred or is about to occur. *See* Carroll v. United States, 267 U.S. 132, 149 (1925). An officer may establish probable cause

with witness statements and other evidence. An officer's suspicion or belief, by itself, is not sufficient to establish probable cause. Aguilar v. Texas, 378 U.S. 108, 114-15 (1964).

8. The "exclusionary rule" requires courts to suppress evidence obtained through an unlawful search or seizure. See Mapp v. Ohio, 367 U.S. 643 (1961). Any evidence derived from illegally obtained evidence must also be suppressed. This type of evidence is known as "fruit of the poisonous tree." Silverthorne Lumber Co., Inc. v. United States, 251 U.S. 385 (1920); Nardone v. United States, 308 U.S. 338, 341 (1939).

9. Three search warrants were obtained in this matter: (i.) a "ping" warrant seeking location data for the telephone associated with number 718-908-9154, (ii.) a search warrant for the 2019 Honda Odyssey and the person of Mr. Hernandez, and (iii.) a search warrant for the contents of the Apple iPhone associated with number 718-908-9154.

**The "ping" warrant was not based upon probable cause and any evidence derived therefrom should be suppressed.**

10. The initial warrant granted in this matter was the "ping" warrant, which sought the location data for the telephone associated with number 718-908-9154.

11. On or about April 27, 2023 at about 9:30 pm, application was made to U.S. District Court for the Western District of New York for a "Ping" search warrant for telephone number 718-908-9154 in Case No. 23-mj-5099. This search warrant application was granted by the Hon. Michael J. Roemer, U.S. Magistrate Judge on April 27, 2023 at 10:01 pm. The application and search warrant are attached hereto as Exhibit C.

12. The application for the "ping" warrant was accompanied by the affidavit of Curtis

3

R. Middlebrooks, Jr., a Special Agent of the Federal Bureau of Investigation.

13.     Upon information and belief, the investigation into possible drug dealing activities of Robert Hernandez began on April 27, 2023. *See* Middlebrooks Affidavit attached to Application for Search Warrant for Apple iPhone, paragraph 6, attached hereto as Exhibit D.

14.     The investigation appears to have begun upon the arrest and detention of an unnamed individual for drug trafficking in an unrelated matter in Western New York. This individual is referred to by the government as a confidential human source (CHS-1) and will be referred to hereinafter as "CHS-1." While in custody, CHS-1 agreed to call an individual known to him as Roberto to order narcotics and provided a phone number of 718-908-9154 for this individual. *See* Middlebrooks Affidavit attached to Application for Ping Warrant, Ex. C, paragraph 9.

15.     There is no assertion or verification contained within Middlebrook's affidavit of the veracity or reliability of CHS-1 prior or subsequent to CHS-1's arrest on April 27, 2023. The Affidavit is bereft of any indication that CHS-1 had ever proven to be a reliable source of verified information for the government. Upon information and belief, the investigation against Mr. Hernandez commenced after CHS-1—a person with pending criminal drug charges—provided information to the government to benefit himself in his own case. The application for the ping warrant was made on the same day that CHS-1 was arrested and the investigation into Hernandez began.

16.     The government did not verify the actual owner of 718-908-9154 with the service provider prior to applying for the ping warrant. While an administrative subpoena requesting

4

subscriber information was submitted to T-Mobile, Curtis Middlebrooks states in the "probable cause" section of his affidavit only that the results of the subpoena "have not yet been received." Ex. C, paragraph 10.

17. Based upon the bare assertions contained in the affidavit of Curtis Middlebrooks, the government has failed to show that there was probable cause for the issuance of a ping warrant.

## THE CAR STOP

18. Pursuant to the ping warrant, government agents were able to track Mr. Hernandez across New York State the next day, April 28, 2023. However, while the ping warrant allowed for access to the phone's location, it did not provide for the stop or detention of Mr. Hernandez.

19. According to the traffic ticket issued to Mr. Hernandez, his vehicle was stopped on April 28, 2023 at approximately 3:15 pm on the I-90 in Clarence, NY for allegedly driving "without two (2) headlamps, while utilizing windshield wipers due to rain" and citing Mr. Hernandez for violation of NYS Vehicle and Traffic Law Section 375(2)(A).

20. Upon information and belief, it was not raining on April 28, 2023 at 3:15 pm in the vicinity of the traffic stop on the I-90.

21. Upon information and belief, there is no body camera or dash camera footage from law enforcement of the stop and detention of Mr. Hernandez on the I-90 on April 28, 2023.

22. The April 28, 2023 traffic ticket that Hernandez received was returnable in Clarence Town Court. *See* Exhibit A.

23. Mr. Hernandez's counsel for the vehicle violation matter in the Clarence Town

5

Court, Robert Ross Fogg, Esq., asked for a trial and demanded discovery. *See* Robert Ross Fogg Notice of Appearance, attached hereto as Exhibit F. No discovery was provided.

24. Although the April 28, 2023 traffic violation matter was scheduled for trial twice in the Clarence Town Court, the matter was dismissed after the ticketing officer failed to appear for trial both times.

25. Based upon the facts and circumstances herein, the traffic stop appears to have been a pretext to enable the government to stop and eventually search Hernandez's car. That a traffic ticket was issued then dismissed for the ticketing officer's failure to appear, lends further support to the argument that the stop was pretextual and not based upon an actual traffic violation. As such, the stop and search–including the K-9 search and all that resulted therefrom–should be suppressed.

>**The April 28, 2023 vehicle stop was unlawful, the search warrants that followed for the Honda Odyssey and the Apple iPhones lacked probable cause, and evidence obtained therefrom should be suppressed as "fruit of the poisonous tree."**

26. On or about April 28, 2023, application was made for a search warrant for the search of a 2019 Honda Odyssey automobile, NY Reg KST 7167, VIN # 5FNRL6H94KB100322 registered to Patricia I. Tavarez and the person of Robert Hernandez, driver of the vehicle. This search warrant application was granted by the Hon. Judge Debra Givens, Erie County Court, on April 28, 2023 at 4:25 pm. The application and the search warrant are attached hereto as Exhibit E.

27. On or about May 12, 2023, a search warrant application was made for 4 Apple

iPhone cellular phones, including a phone associated with the telephone number 718-908-9154 (referred to as Subject Device 1) and another phone with the number ending in x 8086 (referred to as Subject Device 3). The search warrant application was granted by the Hon. H. Kenneth Schroeder on May 12, 2023. *See* Exhibit D.

28. The search warrant applications for the Honda Odyssey (the second warrant) and the Apple iPhones (the third warrant) relied both upon the same information proffered as probable cause for the ping warrant as well as the information derived from the ping warrant. As stated above, this information was deficient and did not constitute probable cause for the ping search warrant.

29. Therefore, any evidence derived from the second and third search warrants should be suppressed as "fruit of the poisonous tree."

### MOTION TO UNREDACT DATES AND TIMES IN MIDDLEBROOKS' AFFIDAVIT IN SUPPORT OF APPLICATION FOR PING SEARCH WARRANT

30. The Affidavit of Curtis Middlebrooks attached to and on which the government relies in its application for the ping search warrant (Ex. C) has most of the dates and times redacted.

31. The chronology of the arrest of CHS-1, the actual commencement of the investigation of Robert Hernandez through the time of the arrest of Mr. Hernandez is relevant and germane to the determination of whether the government had probable cause to obtain a ping search warrant and the subsequent search warrants that flowed from there.

7

32. This chronology is unclear, due to the redaction of the dates and times in the Middlebrooks affidavit. This might easily be remedied by providing an affidavit which includes the actual dates and times.

33. This request by Mr. Hernandez is only for the dates and times that have been redacted from the affidavit. It <u>does not</u> seek to or include a request for the name or any other information about CHS-1.

Based upon all of the above, the defense respectfully requests that the court grant the relief requested herein.

<i>/s/Judith M. Kubiniec</i><br>
JUDITH M. KUBINIEC, ESQ.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.  23-CR-109

ROBERT HERNANDEZ,

      *Defendant.*

## CERTIFICATE OF SERVICE

 I hereby certify that on April 25, 2025 I electronically filed the foregoing on behalf of the interested parties with the Clerk of the District Court using the CM/ECF system.

 I hereby certify that a copy of the foregoing was also delivered to the following using the CM/ECF System.


Evan Glaberson, Esq.
Caitlin Higgins, Esq.
ASSISTANT UNITED STATES ATTORNEYS
138 Delaware Avenue
Buffalo, New York 14202


DATED: Buffalo, New York
    April 25, 2025

            */s/Judith M. Kubiniec*_____
            JUDITH M. KUBINIEC, ESQ.