# EXHIBIT C

AO 106 (Rev. 07/19) Application for a Search Warrant

# United States District Court
### for the
### Western District of New York

FILED
APR 2 7 2023
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address.)*

Case No. 23-mj-J099

The Cellular Telephone Assigned Call Number 718-908-9154

## APPLICATION FOR A SEARCH WARRANT

I, Michael J. Adler, an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See **Attachment A** attached hereto and incorporated herein by reference.

located in the District of New Jersey, there is now concealed *(identify the person or describe the property to be seized):*

See **Attachment B** attached hereto and incorporated herein by reference.

The basis for search under Fed. R. Crim. P. 41(c) is *(check one or more):*
- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of 21 U.S.C. §§ 841(a)(1), 846, and 843(b).

The application is based on these facts:

☒ See affidavit in support of search warrant attached hereto and incorporated herein by reference. To ensure technical compliance with 18 U.S.C. §§ 3121-3127, the warrant will also function as a pen register order. I thus certify that the information likely to be obtained is relevant to an ongoing criminal investigation conducted by the Federal Bureau of Investigations. See 18 U.S.C. §§ 3122(b), 3123(b).

☒ Delayed notice of _90_ days after the collection period authorized by the warrant (give exact ending date if more than 30 days: _August 9, 2023_) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

MICHAEL ADLER    Digitally signed by MICHAEL ADLER
Date: 2023.04.27 21:30:18 -04'00'

*Applicant's signature*

MICHAEL J. ADLER
ASSISTANT UNITED STATES ATTORNEY
*Printed name and title*

Sworn to and signed telephonically.

Date: April ___, 2023

**10:00 PM, Apr 27, 2023**

*Judge's signature*

City and state:  Buffalo, New York

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE

<u>**AFFIDAVIT IN SUPPORT OF APPLICATION**</u>

STATE OF NEW YORK  )
COUNTY OF ERIE      )    SS:
CITY OF BUFFALO     )

I, **Curtis R. Middlebrooks, Jr.**, Special Agent of the Federal Bureau of Investigation, United States Department of Justice, having been duly sworn, states as follows:

1.     I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number **718-908-9154**, with subscriber information unknown to Your Affiant at this time,[1] believed to be operated by a narcotics distributor known as **ROBERTO Last Name Unknown (LNU)**, (the "**Target Telephone**") whose service provider is **T-Mobile**, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany NJ 07054. The **Target Telephone** is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.     Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," <u>see</u> 18 U.S.C. § 3127(3) & (4),

---

[1] An administrative subpoena requesting subscriber information was served on T-Mobile on April 27, 2023.

the requested warrant is designed to also comply with the Pen Register Act.  See 18 U.S.C.
§§ 3121-3127.  The requested warrant therefore includes all the information required to be
included in an order pursuant to that statute.  See 18 U.S.C. § 3123(b)(1).

    3.    I am an investigative or law enforcement officer of the United States, within
the meaning of Section 2510(7) of Title 18, United States Code, and I am empowered by law
to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of
Title 18, United States Code. I have been a Special Agent with the Federal Bureau of
Investigation (FBI) since July of 2020.  I have received basic drug, gang, criminal enterprise,
and Title-III wiretaps investigative training at the FBI Training Academy located in Quantico,
Virginia.  I have served as an FBI Special Agent since July of 2020.  Prior to my
employment as a Special Agent with the FBI, I was employed as a United States Probation
Officer (USPO) in the Western District of New York from July of 2009 through July of 2020.
During my career, I have participated in investigations involving violent crime, firearms
trafficking, drug trafficking networks, organized crime, and neighborhood-based street gangs.
I have had the opportunity to work with several other FBI agents and other law enforcement
agents and officers of varying experience levels, who have also investigated drug trafficking
networks, with regard to the manner in which controlled substances are obtained, diluted,
packaged, distributed, sold and used within the framework of drug trafficking in the Western
District of New York, the District of Massachusetts, and the Northern District of West
Virginia.  In addition, I have had the opportunity to work with several other FBI agents and
other law enforcement agents and officers of varying experience levels, who have also
investigated violent crime, firearms trafficking, drug trafficking networks, organized crime,

2

and neighborhood-based street gangs in the Western District of New York, the District of Massachusetts, and the Northern District of West Virginia. As a result of my training and experience, and as a result of the information shared by my experienced colleagues, I am familiar with how individuals and associates possess and utilize firearms in crimes of violence and in the violent defense of themselves and their associates in the context of their drug-trafficking and gang-related activity. My investigative experience detailed herein, and the experience of other law enforcement agents who are participating in this investigation, serve as the basis for the opinions and conclusions set forth herein. During my tenure with the USPO and FBI, I have executed State and Federal search warrants in narcotics and firearms-related investigations.

4.      My current assignment requires extensive knowledge of matters related to illegal drug trafficking and violent gang activity in the Western District of New York. As part of my duties as a Special Agent, I investigate criminal activity related to drug trafficking, in violation of 21 U.S.C. § 841(a)(1). My experience includes, but is not limited to, conducting surveillance, interviewing witnesses, conducting database checks, analyzing telephone records, writing affidavits for search warrants and Title III wiretap investigations, executing search warrants, and working with undercover agents and informants. I am familiar with matters including, but not limited to, the means and methods used by drug trafficking organizations to purchase, transport, store, and distribute drugs, and the concealing of profits generated from those transactions. Through my training and experience, I have become familiar with the methods of operations typically utilized by individuals who distribute drugs. I know that it is common practice for drug traffickers to routinely utilize vehicles, rental vehicles, telephones, mobile phones, prepaid phones, calling cards, public telephones, text

messaging, counter-surveillance, false or fictitious identities, and coded communications to communicate with their customers, suppliers, couriers, and other conspirators for the purpose of insulating themselves from the detection of law enforcement.   Moreover, it is not unusual for them to initiate such mobile or prepaid phone service in the name of an associate or family member or in the name of a fictitious individual.   The individuals often require the use of a telephone facility to negotiate times, places, schemes, and manners for importing, possessing, concealing, and distributing controlled substances, and for arranging the concealment of proceeds derived from the sale of controlled substances.

5.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6.     As set forth in this affidavit, probable cause exists to believe that the requested information will lead to evidence of offenses involving violations of Title 21, United States Code, Sections 846 (narcotics conspiracy), 841(a)(1) (possession with intent to distribute controlled substances), 843(b) (use of a communication facility in furtherance of a controlled substance felony), (collectively, the Target Offenses), have been committed, and are being committed, by a suspected narcotics distributor known to cooperators as **ROBERTO LNU**, as well as the identification of other individuals who are engaged in the commission of these offenses.   There is probable cause to search the information described in Attachment A for evidence of these crimes, as described in Attachment B.

4

7.    The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711.   Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated.   See 18 U.S.C. § 2711(3)(A)(i).

## IDENTIFICATION OF CELLULAR TELEPHONE 718-908-9154

8.    On ████ 2023, a confidential human source (hereinafter, CHS-1) informed investigators that **ROBERTO LNU** used telephone number 718-908-9154.   CHS-1 communicated via recorded telephone call with **ROBERTO LNU** on the **Target Telephone**.

## PROBABLE CAUSE

9.    On ████████, the Buffalo FBI Safe Streets Task Force (SSTF) and the ████████████████████ conducted a controlled narcotics purchase from CHS-1.   ████████ 2023, SSTF and ████ executed search warrants related to an ongoing narcotics trafficking investigation targeting, among others, CHS-1.   The executed search warrants yielded approximately ████ kilograms of suspected narcotics, a narcotics press, large sums of money, and other narcotics paraphernalia.   CHS-1 was then detained.   ████ ████████ CHS-1, stated to investigators that CHS-1 had access to an individual known to CHS-1 as **ROBERTO LNU**.   CHS-1 stated that CHS-1 could place a call and order narcotics from **ROBERTO LNU**.   CHS-1 provided the following phone number for **ROBERTO LNU, 718-908-9154**.   CHS-1 then placed a recorded call to **ROBERTO LNU** and ordered one (1) kilogram of "Special K", which Your Affiant knows is a term used to refer to the narcotic Ketamine, and one (1) kilogram of Fentanyl.   During the recorded call, **ROBERTO LNU** agreed to meet with CHS-1 and provide the requested narcotics.   **ROBERTO LNU**

5

stated that **ROBERTO LNU** would travel from New York, New York to Buffalo, New York on April 28, 2023, to deliver the requested narcotics.

10.    An administrative subpoena requesting subscriber information was served on T-Mobile on ███████, 2023.    Results of the subpoena have not yet been received.

11.    In my training and experience, I have learned that **T-Mobile** is a company that provides cellular telephone access to the general public.    I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records.    E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers.    Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected.    These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas.    Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device.    Accordingly, cell-site data is typically less precise that E-911 Phase II data.

12.    Based on my training and experience, I know that **T-Mobile** can collect cell-site data about the **Target Telephone**.    Based on my training and experience, I know that for

each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as **T-Mobile** typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

13.    Based on my training and experience, I know that **T-Mobile** also can collect per-call measurement data, which **T-Mobile** also refers to as "PCMD" or "True Call". "PCMD" or "True Call" data estimates the approximate distance of the cellular device from a cellular tower based upon the speed with which signals travel between the device and the tower. This information can be used to estimate an approximate location range that is more precise than typical cell-site data.

14.    Based on my training and experience, I know each cellular device has one or more unique identifiers embedded inside it. Depending on the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The unique identifiers – as transmitted from a cellular device to a cellular

7

antenna or tower – can be recorded by pen-trap devices and indicate the identity of the cellular device making the communication without revealing the communication's content.

     15.    Based on my training and experience, I know that wireless providers such as **T-Mobile** typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless communication service. I also know that wireless providers such as **T-Mobile** typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular device and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to locate the **Target Telephone's** user and may assist in the identification of co-conspirators.

## AUTHORIZATION REQUEST

     16.    Based on the foregoing, there is probable cause to believe that the **Target Telephone** is being utilized by **ROBERTO LNU** to facilitate narcotics crimes in the Western District of New York (WDNY) and elsewhere, including but not limited to violations of Title 21 U.S.C. §§ 841 (possession with intent to distribute controlled substances), 843(b) (use of a communication facility in furtherance of a controlled substance felony), and 846 (conspiracy to distribute narcotics). There is also probable cause to believe the requested information will lead to information necessary to determine the approximate locations of the **Target Telephone** so that agents can conduct physical surveillance of **ROBERTO LNU** meeting with

8

customers, sources of supply, stash locations, and to identify other members of the organization.

17.    I request that the Court issue the proposed warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.  The proposed warrant will also function as a pen register order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and/or trap and trace device to record, decode, and/or capture certain information in Attachment B for each communication to or from the **Target Telephone**, without geographic limit, for a period of thirty days (30) days pursuant to 18 U.S.C. § 3123(c)(1).

18.    I further request that the Court direct **T-Mobile** to disclose to the government any information described in Attachment B that is within the possession, custody, or control of **T-Mobile**.  I also request that the Court direct **T-Mobile** to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with **T-Mobile** services, including by initiating a signal to determine the location of the **Target Telephone** on **T-Mobile** network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.   The government shall reasonably compensate **T-Mobile** for reasonable expenses incurred in furnishing such facilities or assistance.

19.    I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to

delay notice until 90 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **Target Telephone** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. See 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. See 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. See 18 U.S.C. § 3103a(b)(2).

20.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **Target Telephone** outside of daytime hours.

## REQUEST TO SEAL

**IT IS FURTHER REQUESTED** that the warrant and this affirmation, as it reveals an ongoing investigation and sealed indictments, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against fugitives, and better ensure the safety of agents and others, except that working copies should be made available to the United States Attorney's Office, the FBI, and any other law enforcement agency designated by the United States Attorney's Office.

*Curtis R. Middlebrooks*
_____
CURTIS MIDDLEBROOKS
Special Agent
Federal Bureau of Investigation


Sworn to and signed telephonically

this _____ day of April, 2023.    **10:01 PM, Apr 27, 2023**

_____
HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge

11

## ATTACHMENT A

### Property to Be Searched Pursuant to Attachment B

1.      The cellular telephone assigned call number **718-908-9154**, and utilized by **ROBERTO LNU** (the "**Target Telephone**"), whose service provider is **T-Mobile**, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany NJ 07054, for the purpose of **T-Mobile** undertaking the necessary steps to obtain the limited information and data as described in Attachment B.


2.      Records and information associated with the **Target Telephone** that is within the possession, custody, or control of **T-Mobile**, including information about the location of the **Target Telephone** if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

I.    **Information to be Disclosed by the Provider**

All information about the location of the **Target Telephone** described in Attachment A for a period of thirty (30) days, during all times of day and night.  "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, per-call measurement data ("PCMD") or "True Call" data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in **Attachment A**.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of **T-Mobile**, **T-Mobile** is required to disclose the Location Information to the government.  In addition, **T-Mobile** must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with **T-Mobile** services, including by initiating a signal to determine the location of the Target Cell Phone on **T-Mobile** network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.  The government shall compensate **T-Mobile** for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. See 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that constitutes evidence of violations of Title 21 U.S.C. §§ 841 (possession with intent to distribute controlled substances), 843(b) (use of a communication facility in furtherance of a controlled substance felony), and 846 (conspiracy to distribute narcotics), involving **ROBERTO LNU** and others.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

2

AO 93 (Rev. 07/19) Search and Seizure Warrant

# United States District Court
### for the
### Western District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address.)*

The Cellular Telephone Assigned Call Number 718-908-9154

Case No.   23-mj- 5099

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of New Jersey.  Because the government has satisfied the requirements of 18 U.S.C. § 3122, this warrant also constitutes an order under 18 U.S.C. § 3123. *(identify the person or describe the property to be searched and give its location)*:

See **Attachment A** attached hereto and incorporated herein by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See **Attachment B** attached hereto and incorporated herein by reference.

All of which are evidence, fruits, and instrumentalities of a violations of 21 U.S.C. §§ 841(a)(1), 846, and 843(b), and all of which are more particularly described in the application for this warrant which is incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before _____May 11, 2023_____
*(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to  Hon. Michael J. Roemer
*(United States Magistrate Judge)*

☒ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for 30 days after the execution of the warrant *(not to exceed 30)*. ☒ until, the facts justifying, the later specific date of August 9, 2023.

Date and time issued: April      , 2023
**10:01 PM, Apr 27, 2023**

City and State:  Buffalo, New York

_____
*Judge's signature*

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and Title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: **23-mj-** | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of:

Inventory of the property taken and name of any person(s) seized:

| Certification |
|---|

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____


_____
*Executing officer's signature*


_____
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched Pursuant to Attachment B

1.      The cellular telephone assigned call number **718-908-9154**, and utilized by

**ROBERTO LNU** (the "**Target Telephone**"), whose service provider is **T-Mobile**, a wireless

telephone service provider headquartered at 4 Sylvan Way, Parsippany NJ 07054, for the

purpose of **T-Mobile** undertaking the necessary steps to obtain the limited information and

data as described in Attachment B.


2.      Records and information associated with the **Target Telephone** that is within

the possession, custody, or control of **T-Mobile**, including information about the location of

the **Target Telephone** if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

**I.    Information to be Disclosed by the Provider**

All information about the location of the **Target Telephone** described in Attachment A for a period of thirty (30) days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, per-call measurement data ("PCMD") or "True Call" data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in **Attachment A**.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of **T-Mobile**, **T-Mobile** is required to disclose the Location Information to the government. In addition, **T-Mobile** must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with **T-Mobile** services, including by initiating a signal to determine the location of the Target Cell Phone on **T-Mobile** network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate **T-Mobile** for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. See 18 U.S.C. § 3103a(b)(2).

## II.    Information to Be Seized by the Government

All information described above in Section I that constitutes evidence of violations of Title 21 U.S.C. §§ 841 (possession with intent to distribute controlled substances), 843(b) (use of a communication facility in furtherance of a controlled substance felony), and 846 (conspiracy to distribute narcotics), involving **ROBERTO LNU** and others.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

2