# EXHIBIT D

AO 106 (Rev. 01/09) Application for a Search Warrant

# United States District Court
### for the
### Western District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address.)*

(1) Black Apple iPhone cellular telephone in an OtterBox, which is more fully described in Attachment A-1 (Subject Device 1)
(2) Rose gold Apple iPhone in a black case, which is more fully described in Attachment A-2 (Subject Device 2)
(3) Blue Apple iPhone cellular telephone in a black case, which is more fully described in Attachment A-3 (Subject Device 3)
(4) White Apple iPhone cellular telephone in a black case, which is more fully described in Attachment A-4 (Subject Device 4)

**Case No. 23-mj-64**
**(FILED UNDER SEAL)**

## APPLICATION FOR SEARCH WARRANTS

I, a federal law enforcement officer or an attorney for the government, request five search warrants and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**See Attachments A-1, A-2, A-3, and A-4, attached hereto and incorporated herein by reference as though set forth fully herein.**

located in the Western District of New York, there is now concealed *(identify the person or describe the property to be seized)*:

The items set forth on the attached schedule of items to be seized, attached hereto as **Attachment B** and which is incorporated by reference as though set forth fully herein.

The basis for search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of Title 21, United States Code, Sections 841(a)(1), 844(a), and 846.
The application is based on these facts:
☒ continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Curtis R. Middlebrooks*
*Applicant's signature*

CURTIS R. MIDDLEBROOKS
Special Agent
Federal Bureau of Investigation
*Printed name and title*

Sworn to and signed telephonically.

Date: May 12, 2023

*H. Kenneth Schroeder, Jr.*
*Judge's signature*

HONORABLE H. KENNETH SCHROEDER, JR.
United States Magistrate Judge
*Printed name and Title*

City and state:  Buffalo, New York

# AFFIDAVIT

STATE OF NEW YORK  )
COUNTY OF ERIE      )    SS:
CITY OF BUFFALO     )

I, **CURTIS R. MIDDLEBROOKS**, being duly sworn, deposes and states:

## INTRODUCTION

1.      I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, and I am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code. I have been a Special Agent with the Federal Bureau of Investigation (FBI) since July of 2020. I have received basic drug, gang, criminal enterprise, and Title-III wiretaps investigative training at the FBI Training Academy located in Quantico, Virginia. I have served as an FBI Special Agent since July of 2020. Prior to my employment as a Special Agent with the FBI, I was employed as a United States Probation Officer (USPO) in the Western District of New York from July of 2009 through July of 2020. During my career, I have participated in investigations involving violent crime, firearms trafficking, drug trafficking networks, organized crime, and neighborhood-based street gangs. I have had the opportunity to work with several other FBI agents and other law enforcement agents and officers of varying experience levels, who have also investigated drug trafficking networks, with regard to the manner in which controlled substances are obtained, diluted, packaged, distributed, sold and used within the framework of drug trafficking in the Western District of New York, the District of Massachusetts, and the Western District of West Virginia. In addition, I have had the opportunity to work with several other FBI agents and other law enforcement agents and officers of varying experience levels, who have also investigated

violent crime, firearms trafficking, drug trafficking networks, organized crime, and neighborhood-based street gangs in the Western District of New York, the District of Massachusetts, and the Western District of North Virginia. As a result of my training and experience, and as a result of the information shared by my experienced colleagues, I am familiar with how individuals and associates possess and utilize firearms in crimes of violence and in the violent defense of themselves and their associates in the context of their drug-trafficking and gang-related activity. My investigative experience detailed herein, and the experience of other law enforcement agents who are participating in this investigation, serve as the basis for the opinions and conclusions set forth herein. During my tenure with the USPO and FBI, I have executed State and Federal search warrants in narcotics and firearms-related investigations.

2.     My current assignment requires extensive knowledge of matters related to illegal drug trafficking and violent gang activity in the Western District of New York. As part of my duties as a Special Agent, I investigate criminal activity related to drug trafficking, in violation of 21 U.S.C. § 841(a)(1), 844(a), and 846. My experience includes, but is not limited to, conducting surveillance, interviewing witnesses, conducting database checks, analyzing telephone records, writing affidavits for search warrants and Title III wiretap investigations, executing search warrants, and working with undercover agents and informants. I am familiar with matters including, but not limited to, the means and methods used by drug trafficking organizations to purchase, transport, store, and distribute drugs, and the concealing of profits generated from those transactions. Through my training and experience, I have become familiar with the methods of operations typically utilized by individuals who distribute drugs. I know that it is common practice for drug traffickers to routinely utilize vehicles, rental

vehicles, telephones, mobile phones, prepaid phones, calling cards, public telephones, text messaging, counter-surveillance, false or fictitious identities, and coded communications to communicate with their customers, suppliers, couriers, and other conspirators for the purpose of insulating themselves from the detection of law enforcement. Moreover, it is not unusual for them to initiate such mobile or prepaid phone service in the name of an associate or family member or in the name of a fictitious individual. The individuals often require the use of a telephone facility to negotiate times, places, schemes, and manners for importing, possessing, concealing, and distributing controlled substances, and for arranging the concealment of proceeds derived from the sale of controlled substances.

      3.    This affidavit is made in support of a federal search warrant application for the following cellular telephone devices, all of which are more particularly described in Attachments A-1 through A-4 (collectively referred to as "**Subject Devices**"). Each of these devices were recovered during the execution of an Erie County search warrant executed on April 28, 2023:

| | | |
|---|---|---|
| **Subject Device 1** | Black Apple iPhone cellular telephone in an OtterBox case, which is more fully described in Attachment A-1 | A-1 |
| **Subject Device 2** | Rose gold Apple iPhone in a black case, which is more fully described in Attachment A-2 | A-2 |
| **Subject Device 3** | Blue Apple iPhone cellular telephone in a black case, which is more fully described in Attachment A-3 | A-3 |
| **Subject Device 4** | White Apple iPhone cellular telephone in a black case, which is more fully described in Attachment A-4 | A-4 |

4.     As it is my purpose to obtain four (4) search warrants for which only probable cause is required, I have not included each and every fact learned during the investigation to date. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the **Subject Devices** are evidence of, were used in committing, and/or contain evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1), (possession with intent to distribute and distribution of controlled substances); 844(a)(1), (possession of a controlled substance); and 846 (narcotics conspiracy) (hereinafter, the "Enumerated Offenses").

5.     Your Affiant states that this investigation was conducted by FBI Special Agents and other law enforcement personnel assigned to the FBI Buffalo Division – Safe Streets Task Force ("FBI-SSTF"), Niagara Falls Police Department's (NFPD), and the Niagara County Sheriff's Office (NCSO), and the Erie County Sheriff's Office (ECSO).  The information contained in this affidavit is based upon my training and experience as well as my personal knowledge based upon my participation in the investigation and upon reports and information received from other law enforcement officers and agencies.

## PROBABLE CAUSE

6.     On April 27, 2023, your Affiant began investigating the narcotics distribution activities of **ROBERT HERNANDEZ**.   Law enforcement received information that **HERNANDEZ** would be traveling, on April 28, 2023, to Buffalo, New York, from the New York City, New York, area with narcotics.  Investigators learned that **HERNANDEZ** utilized telephone number 718-908-9154 (hereafter "**HERNANDEZ'S Phone**). On April 27, 2023,

the Honorable Michael J. Roemer, United States Magistrate Judge, authorized a search warrant for the prospective location information for **HERNANDEZ's** Phone.

7.     After reviewing the location data for **HERNANDEZ's Phone**, on April 28, 2023, your Affiant ascertained that **HERNANDEZ** was, in fact, traveling from the New York City, NY, area to Buffalo, NY.  Through a New York State Department of Motor Vehicles search, investigators learned that **ROBERT HERNANDEZ's** wife owned a black 2019 Honda Odyssey bearing New York plates KST7167 (hereafter "Odyssey").  The Odyssey is registered to an address in the Bronx, NY.  In conjunction with the location data for **HERNANDEZ's Phone**, instigators reviewed plate reader hits throughout New York State on April 28, 2023 and confirmed that the Odyssey was traveling from the New York City area to Buffalo, New York.

8.     On April 28, 2023, deputies of the Erie County Sheriff Office (ECSO) conducted a traffic stop on the Odyssey, which was occupied by **ROBERT HERNANDEZ** and **REINALDO SANCHEZ GONZALEZ**.  During this traffic stop, **HERNANDEZ** and **SANCHEZ GONZALEZ** gave conflicting details about where they were traveling to and how long they would be staying.  During the traffic stop, deputies utilized a narcotics detection K-9.  The narcotics detection K-9 indicated that the Odyssey likely contained narcotics.

9.     As a result of the K-9 indication, ECSO deputies sought and obtained a search warrant for the Odyssey from Erie County Judge Debra Givens.  On April 28, 2023, ECSO deputies and members of the FBI Safe Streets Task Force (hereafter "SSTF") executed the

5

aforementioned search warrant. The following items were seized from the Odyssey: four (4) cellular telephones and a rectangular shaped, green and clear plastic wrapped object containing a white substance with a "V" shape cut into the packaging. Specifically, the rectangular shaped, green and clear plastic wrapped object containing a white substance with a "V" shape cut into the packaging was found inside of a green bag. An image of the package can be seen below:



10.     The suspected narcotics were sent to Erie County Police Services Forensic Laboratory (CPS Lab) for analysis on April 28, 2023. On May 3, 2023, your Affiant received confirmation that the package contained 950 grams of a mixture of heroin and fentanyl, from the CPS Lab.

11.     Your affiant is aware that **HERNANDEZ** has a history of narcotics trafficking. On March 9, 2012, **HERNANDEZ** was convicted of money laundering 2nd degree: monetary instrument is the proceed of a sale of controlled substances (Class C felony). On October 25,

2018, **HERNANDEZ** was convicted of criminal possession of a controlled substance/narcotics in violation of New York State penal law 220.16. At the time of the instant offense, **HERNANDEZ** was subject to the supervision of the New York State Parole Office.[1]

12.     Based on my training and experience as well as that of other law enforcement officers, the above-described packing is consistent with narcotics carried for distribution. More specifically, this packaging is consistent with that of a kilogram of narcotics and is a method utilized, by drug traffickers, to conceal narcotics from detection by law enforcement. Additionally, I know, based on my training and experience that it is common practice for narcotics traffickers to carry multiple cellular phones. It is also common in the Western District of New York for bulk narcotics to be supplied from traffickers in the New York City area.

13.     Based on my training and experience as well as that of other law enforcement officers, **ROBERT HERNANDEZ** and **REINALDO SANCHEZ GONZALEZ** having multiple cellular telephones is consistent with activities undertaken by narcotics traffickers. **Subject Devices 1-4** were all seized from the center council of the Odyssey. **Subject Device 1**, a black Apple iPhone in a black OtterBox case, was found with its GPS running. The GPS was able to be viewed without manipulating the device. Your Affiant shut off the phone's

---

[1] Some of the criminal history reflected in the criminal complaint may not be accurate. A review of the defendant's criminal history says he was also sentenced to attempted criminal possession of a weapon 2nd degree. However, it is unclear in the criminal history if this is accurate. The criminal complaint also listed the defendant as having been convicted of a third felony. However, a subsequent review of the criminal history does not appear to reflect any other felony convictions than the ones listed here.

navigation. In doing so, **your** Affiant observed the destination for **HERNANDEZ** and **SANCHEZ GONZALEZ** to be the address of a known large scale narcotics trafficker. Your Affiant dialed **HERNANDEZ's phone** to verify that this was the same phone used by **HERNANDEZ** to set up a narcotics transaction. As a result of dialing **HERNANDEZ's Phone**, **Subject Device 1** rang. Photographs of this device are included in Attachment A-1.

14.     **Subject Device 2**, a rose gold Apple iPhone in a black case; **Subject Device 3**, a blue Apple iPhone cellular telephone in a black case; and **Subject Device 4**, a White Apple iPhone cellular telephone in a black case, were all found in close proximity to **Subject Device 1**. **Subject Devices 1-4** were also found to be in close proximity to two (2) wallets. One of the wallets contained New York State driver's license for **ROBERT HERNANDEZ**. The listed address on **ROBERT HERNANDEZ's** driver's license is the same Bronx address where the Odyssey was registered. The second wallet contained State of Pennsylvania identification card for **REINALDO SANCHEZ GONZALEZ**. Photographs of these device are included in Attachments A-1 through A-4.

15.     Based on my training and experience and on this and other information contained in this affidavit, as well as the information contained in Exhibits A and B, I believe **ROBERT HERNANDEZ** and **REINALDO SANCHEZ GONZALEZ** used the **Subject Devices** in furtherance of narcotics trafficking and/or the **Subject Devices** contain evidence of narcotics trafficking.

## SUMMARY OF RELEVANT TECHNOLOGY

16.     A cellular telephone or mobile telephone is a handheld wireless device used primarily for voice communication through radio signals.  These telephones send signals through networks of transmitter/receivers called "cells", enabling communication with other cellular telephones or traditional "land line" telephones.  A cellular telephone usually includes a "call log," which records the telephone number, date, and time of calls made to and from the phone.

17.     In addition to enabling voice communications, cellular telephones offer a broad range of capabilities.  These capabilities include, but are not limited to: storing names and phone numbers in electronic "address books," sending, receiving, and storing text messages and email; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet.  Cellular telephones may also include global positioning system ("GPS") technology for determining the location of the device.  Based on your Affiant's training and experience, and the information learned throughout this investigation, it is known that persons associated with drug trafficking organizations in general utilize the cellular telephones to communicate with others about the possession, transportation, and distribution of controlled substances, including heroin and fentanyl.

18.     Through my training and experience, I have also learned that drug traffickers will knowingly purchase/transfer/sell firearms on behalf of prohibited persons to include convicted felons and those involved in weapons/drug trafficking, criminal organizations as

well as persons who commit acts of violence in furtherance of these organizations. I am familiar with how cellular telephones are utilized by drug traffickers and conspirators to engage in and facilitate illegal drug purchases and transactions. I am familiar with evidence obtained from searches of cellular telephones seized from individuals involved in the illegal purchase and/or trafficking of firearms and narcotics. These searches have resulted in the recovery of evidence showing involvement in drug trafficking, acts of violence, and firearms possession, including but not limited to call logs showing contacts with co-conspirators, relevant text messages among co-conspirators and customers, contact lists and address books containing names and telephone numbers of co-conspirators and customers, and photographs of co-conspirators, narcotics, and illegally possessed firearms.

19.     In addition, location information contained within the **Subject Devices** should provide information regarding **ROBERT HERNANDEZ** and **REINALDO SANCHEZ GONZALEZ's** whereabouts, which may identify stash locations and customers.

20.     Based on your Affiant's experience, it is believed the **Subject Devices** are evidence of and/or contain evidence of the Enumerated Offenses, which have been committed. I submit there is probable cause to believe that the **Subject Devices** contain fruits, evidence, and instrumentalities of violations of the Enumerated Offenses, as described in this affidavit and in Attachment B.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

21.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed

via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensic tools.

22.     There is probable cause to believe that things that were once stored on the **Subject Devices** may still be stored there, for at least the following reasons:

a.     Based on my knowledge, training, and experience, I know that files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b.     Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c.     Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d.    Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache.

23.    *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the **Subject Devices** were used, the purpose of its use, who used it, and when.  There is probable cause to believe that this forensic electronic evidence might be on the **Subject Devices** because:

a.    Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active.  Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords.  Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

b.    Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

12

c.     A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.     The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.     Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

24.     *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **Subject Devices** consistent with the warrants. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

25.     *Manner of execution.* Because each warrant seeks only permission to examine a device already in law enforcement's possession, the execution of the warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

26.    It should be noted that due to the level of encryption that is anticipated on the **Subject Devices**, the process to extract the information from the phones may lead to the destruction of the phones themselves.

## REQUEST TO SEAL

27.    **IT IS FURTHER REQUESTED** that the warrant and this affirmation, as it reveals an ongoing investigation, until further order of the Court in order to avoid premature disclosure of the investigation, guard against fugitives, and better ensure the safety of agents and others, except that working copies should be made available to the United States Attorney's Office, FBI and any other law enforcement agency designated by the United States Attorney's Office.

## CONCLUSION

**WHEREFORE**, based upon the foregoing, your Affiant submits that there is probable cause for the issuance of search warrants for **Subject Devices 1-4** authorizing the examination of the devices described in Attachments A-1 through A-4, which are incorporated herein by reference, to search for and seize the items described in Attachment B, which is attached hereto and incorporated by reference.

*Curtis R. Middlebrooks*
_____
CURTIS R. MIDDLEBROOKS
Special Agent
Federal Bureau of Investigation

Sworn to telephonically,

this _____ day of May, 2023.

_____
HONORABLE H. KENNETH SCHROEDER, JR.
United States Magistrate Judge

14

# ATTACHMENT A-1

Black Apple iPhone cellular telephone in an OtterBox case, which is referred to as Subject Device 1 and which is depicted in photographs below





## <u>ATTACHMENT A-2</u>

Rose gold Apple iPhone in a black case, which is referred to as Subject Device 2 and which is depicted in photographs below





## ATTACHMENT A-3

Blue Apple iPhone cellular telephone in a black case, which is referred to as Subject Device 3 and which is depicted in photographs below





## ATTACHMENT A-4

White Apple iPhone cellular telephone in a black case, which is referred to as Subject Device 4 and which is depicted in photographs below





**Attachment B**

**Schedule of Items to be Searched For and Seized**

1.  All records on the devices or within applications contained on the devices described in Attachments A-1 through A-4 that relate to violations of Title 21, United States Code, Sections 841(a)(1), 844(a), and 846:

    a.  Lists of co-conspirators, counterparties, and customers, and related identifying information;

    b.  Telephone calls, including incoming, outgoing, and missed calls, voicemails, phone contact addresses, email addresses and telephone numbers in directories, documents and files which reflect names, email addresses, addresses, telephone numbers and objects related to drug trafficking and firearm possession, and photographs and/or videos regarding firearm possession, as well as drug trafficking and associates thereof contained in the cellular telephones;

    c.  SMS and MMS messages, and any other wire and electronic communications relating to controlled substances and virtual currency;

    d.  Any and all geolocation information, including but not limited to, third-party apps and associated information, mapping data, and location services;

    e.  Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    f.  Records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine and records of user-typed web addresses;

    g.  Any information related to sources of controlled substances (including names, addresses, phone numbers, or any other identifying information); and

    h.  All bank records, checks, credit card bills, account information, and other financial records relating to violations of Title 21, United States Code, Sections 841(a)(1), and 846.

2.  Evidence of user attribution showing who used or owned the devices described in the particular Attachment A at the time the things described in this warrant were created,

edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

AO 93 (Rev. 07/19) Search and Seizure Warrant

# United States District Court
### for the
### Western District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address.)*

The Cellular Telephone Assigned Call Number 718-908-9154

Case No.  23-mj- 5099

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of New Jersey.  Because the government has satisfied the requirements of 18 U.S.C. § 3122, this warrant also constitutes an order under 18 U.S.C. § 3123. *(identify the person or describe the property to be searched and give its location)*:

See **Attachment A** attached hereto and incorporated herein by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See **Attachment B** attached hereto and incorporated herein by reference.

All of which are evidence, fruits, and instrumentalities of a violations of 21 U.S.C. §§ 841(a)(1), 846, and 843(b), and all of which are more particularly described in the application for this warrant which is incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before _____ May 11, 2023 _____
                                                                                                *(not to exceed 14 days)*
☐   in the daytime 6:00 a.m. to 10:00 p.m.        ☒   at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Hon. Michael J. Roemer _____
                                                                                                *(United States Magistrate Judge)*
☒   Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐   for 30  days after the execution of the warrant *(not to exceed 30).* ☒  until, the facts justifying, the later specific date of August 9, 2023.

Date and time issued: April    , 2023
                                          **10:01 PM, Apr 27, 2023**                              _____
City and State: Buffalo, New York                                                                            *Judge's signature*

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
                                                              *Printed name and Title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: **23-mj-** | Date and time warrant executed: | Copy of warrant and inventory left with: |

| Inventory made in the presence of: |
|---|

| Inventory of the property taken and name of any person(s) seized: |
|---|

| Certification |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*