UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

Indict. No. 1:23-CR-00109

ROBERT HERNANDEZ,

           Defendant.

## DEFENDANT'S MEMORANDUM IN SUPPORT OF SUPPRESSION OF DRUGS RECOVERED FROM BLACK HONDA ODYSSEY AUTOMOBILE DRIVEN BY HERNANDEZ ON APRIL 28, 2023

On or about April 28, 2023, Robert Hernandez was operating a 2019 Honda Odyssey automobile, with NY license plate number KST 7167, headed westbound on the I-90 highway in the Town of Clarence, New York. Also in the car was his co-defendant Sanchez Gonzalez, located in the front passenger seat.

At about 3:15 pm, they were stopped by Erie County Sheriff's deputies for allegedly operating the vehicle without headlights while using windshield wipers due to rain. A NYS Uniform Traffic Ticket was issued to Mr. Hernandez for violation of NYS Vehicle and Traffic Law Section 375 02A. Mr. Hernandez and Mr. Sanchez Gonzalez were detained.

The automobile was impounded and subsequently searched pursuant to a search warrant issued by the Hon. Debra Givens of Erie County Court on April 28, 2023 at 4:25 pm. *See* Search Warrant attached hereto as **Exhibit A**. The search warrant application and supporting affidavit of William Granville is attached hereto as **Exhibit B**. Drugs, alleged to be heroin and fentanyl, were recovered from a duffle bag in the back of the vehicle. These drugs are the subject of this suppression motion.

An evidentiary hearing on Hernandez's motion to suppress evidence was held on June 18, 2025. The transcript of the hearing is attached hereto as **Exhibit C**.

### Search Warrant for 2019 Honda Odyssey is Defective

Application for a search warrant was made by Erie County Sheriff's Office Deputy William Granville, a member of the Safe Streets Task Force on April 28, 2023, following the detention of Hernandez and co-defendant Sanchez Gonzalez. Deputy Granville testified that he prepared and signed the search warrant affidavit, also dated April 28, 2023 and submitted it to Judge Givens on the same day (Transcript of Evidentiary Hearing held on June 16, 2025, p. 61, hereinafter referred to as "T").

The Fourth Amendment to the Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV; *see also* Fed. R. Crim. P. 41.

Whether a search warrant satisfies the Fourth Amendment's probable cause requirement is judged under the "totality of the circumstances" test. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The Supreme Court set forth in *Gates* that the issuing officer must "make a practical, common-sense decision whether given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.*

In determining what constitutes probable cause to support a search warrant when the

search warrant relies upon information obtained from a confidential informant, courts assess the information by examining the "totality of the circumstances" bearing upon its reliability. *U.S. v. Smith*, 9 F.3d 1007, 1012.

### The Search Warrant Lacks Probable Cause Due to Inaccuracies in the Search Warrant Application

There are numerous inaccuracies in the search warrant application. As a result, the search warrant lacks probable cause and the evidence recovered from the search of the Honda Odyssey should be suppressed.

In his affidavit in support of the request for a search warrant, Granville relied heavily upon information he claimed he received from a "reliable" confidential source. Granville stated in paragraph 2. a) of his signed affidavit that "Your affiant had received information from a reliable confidential source(s)…" (emphasis added) *See* Exhibit B, p. 1.

During the hearing, it was revealed that this was not accurate. Granville, the affiant, testified that in fact he didn't speak to the confidential source himself, but instead received information from someone else involved in the investigation, FBI Agent Curtis Middlebrooks. Granville acknowledged when he testified to this Court that it was really Middlebrooks–someone other than the affiant Granville–who had spoken to an individual described as a "confidential source" (T-63), and that it was Middlebrooks who later conveyed information to Granville. When queried further, Granville admitted that he himself did not ever have a conversation with the confidential source about Hernandez (T-63, line 22) or a meeting with the confidential source (T-63, line 24), that he in fact had no firsthand knowledge. His affidavit indicates otherwise.

3

Granville also stated in his affidavit that "the confidential source has observed Hernandez transport and distribute narcotics while inside the 2019 Honda Odyssey on numerous occasions." In his testimony, however, Granville admitted that he also obtained this information from Agent Middlebrooks. Moreover, on direct examination, Granville testified that he just learned prior to the June 18, 2023 hearing that these observations by the confidential informant never happened. The confidential source did not actually observe Hernandez transport and distribute narcotics while inside the Honda Odyssey on numerous occasions.

Granville further affirmed in the affidavit that the confidential source "did positively identify an unmarked photograph of Robert Hernandez, DOB 4/4/1978". However, in his testimony at the evidentiary hearing, Deputy Granville admitted that he didn't witness the confidential source identifying Mr. Hernandez (T-71, line 16) though his sworn affidavit says otherwise and that Granville, again, got this information from Agent Middlebrooks that the confidential source had made a positive identification (T-71, lines 19-21).

### Treatment of Inaccurate Information

The U.S. Court of Appeals, Second Circuit, has set forth a standard for the treatment of inaccurate or false information in a search warrant affidavit. To suppress evidence obtained pursuant to an affidavit containing erroneous information, the defendant must show that: (1) the claimed inaccuracies or omissions are the result of the affiant's deliberate falsehood or reckless disregard of the truth; and (2) the alleged falsehoods or omissions were necessary to the [issuing] judge's probable cause finding." See *U.S. v. Canfield*, 212 F.3d 713 (2nd Cir. 1999), citing *U.S. v. Salameh*, 152 F.3d 88, 113 (2nd Cir. 1998).

In the within matter, Deputy Granville's affidavit is derived almost entirely from sources other than himself. While he prepared and signed an affidavit as the sole affiant, he later testified that significant facts he put in the affidavit were not derived from the confidential source but were actually derived from another source, FBI agent Middlebrooks. According to Granville, it was not he but Middlebrooks who had the actual contact with the confidential source. However, in his testimony, Granville conflates what he actually knew with what Middlebrooks told him.

When he prepared that affidavit, Granville wrote that 1) he received information from a reliable confidential source concerning Hernandez's sale and transport of drugs and 2) that the informant had observed Hernandez transport and distribute narcotics while in the subject vehicle numerous times. However, Granville didn't actually receive any information from the informant himself. Additionally, because he didn't actually talk to the informant himself, he didn't know that the informant had not observed prior transportation and distribution by Hernandez from his vehicle. This information, if true, would be significant in corroborating the reliability of information from the confidential informant.

Granville also didn't have personal knowledge that the informant had positively identified Hernandez from a photograph but stated in his sworn affidavit that he did. This is another significant factor that was used to bolster the reliability of the confidential informant.

Deputy Granville, who has 14 years of experience in law enforcement (T-56) and in 2023 was assigned to the Narcotics and Intelligence Unit of the Erie County Sheriff's office, has extensive experience applying for search warrants. He estimated that he has prepared 50 or more search warrant affidavits to date (T-67).

Despite his extensive experience with search warrant affidavits, he stated in writing and under oath that he received reliable information from an informant that he didn't actually meet or talk to. He incorrectly put information supposedly derived from this informant into the search warrant affidavit that was present to the Hon. Debra Givens, of Erie County Court and resulted in the issuance of a Search Warrant. When asked who the actual affiant of the search warrant was during the evidentiary hearing, he initially said "the team" (T-63). He later said of himself, the affiant, that "I took it as both of us", referring to himself and Agent Middlebrooks (T-68) together in his own sworn affidavit. Interestingly, Agent Middlebrooks, the person with actual contact with the informant and the alleged source for Granville's affidavit, is not mentioned as part of the investigation in the search warrant application.

It defies logic that Granville, an experienced law enforcement officer who has prepared more than 50 search warrant applications by his own count, would not understand the gravity and significance of attesting to personal knowledge in a sworn document. This appears to be careless at best and is clearly shows reckless disregard for the truth.

Pursuant to the factors set forth by the Court of Appeals in *Canfield*, the inaccuracies in the search warrant application, taken with the totality of the circumstances appear to be substantial and material to the search warrant application. The application was drafted and submitted by an experienced law enforcement agent who, while part of an investigative team, did not have any of the personal knowledge from the allegedly reliable confidential source that he swore to Hon. Givens that he had. He also misrepresented prior criminal activity on the part of Hernandez, supposedly from the same informant, that appeared to bolster the informant's credibility.

It is respectfully submitted that based upon the facts and circumstances herein that the Court find that the search warrant lacked probable cause, based upon the material inaccurate statements and erroneous information in the search warrant application.

DATED:   Buffalo, New York,
         August 25, 2025.

JUDITH M. KUBINIEC, ESQ.

Attorney for Robert Hernandez, Defendant
402 Amherst Street
Buffalo, New York 14207
716-873-9161
judithkubiniec@gmail.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.                                                                    23-CR-109

ROBERT HERNANDEZ,

                                    *Defendant.*

### CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2025 I electronically filed the foregoing on behalf of the interested parties with the Clerk of the District Court using the CM/ECF system.

I hereby certify that a copy of the foregoing was also delivered to the following using the CM/ECF System.

Caitlin Higgins, Esq.
ASSISTANT UNITED STATES ATTORNEY
138 Delaware Avenue
Buffalo, New York 14202

DATED:      Buffalo, New York
            August 25, 2025

                              /s/Judith M. Kubiniec
                              JUDITH M. KUBINIEC, ESQ.

9